# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BELTWAY CAPITAL MANAGEMENT, LLC** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAG. DIV:** |
| **METRO SERVICE GROUP, INC.,** | * | |
| **JIMMIE M. WOODS, and** | * | |
| **GLENN H. WOODS** | * | |

*******************************************

## COMPLAINT

Beltway Capital Management, LLC ("BCM" or "Plaintiff") respectfully alleges the following.

### *Parties, Jurisdiction, and Venue*

1. Plaintiff BCM is an active limited liability company organized under the laws of Maryland, whose principal office is located at 11350 McCormick Road, Hunt Valley, MD 21021. BCM is the servicer of the obligations identified herein that are existing and owing to McCormick 101, LLC, and is fully authorized and permitted by contract to sue on behalf of McCormick to enforce McCormick's rights under these obligations.

2. Defendant Metro Service Group, Inc. ("Metro") is a corporation organized under the laws of the State of Louisiana, which is authorized to do and doing business in the Parish of Orleans. Metro's domicile address and principal place of business is 9641 Old Gentilly Road, New Orleans, Louisiana 70127.

3. Defendant Jimmie M. Woods is a natural person of the full age of majority, who is a citizen of Louisiana domiciled in Orleans Parish.

4.  Defendant Glenn H. Woods is a natural person of the full age of majority, who is a citizen of Louisiana domiciled in Orleans Parish.

5.  Venue lies in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(1) because all defendants reside in this district. Venue also lies in the Eastern District of Louisiana under 28 U.S.C. § 1392(b)(2) because a substantial part of the events or omissions giving rise to BCM's claim occurred in this judicial district, as detailed below.

6.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1332. As detailed below, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Further, this action is between citizens of different states. First, the citizenship of a limited liability company is that of its members for diversity purposes. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). The following are Plaintiff BCM's members and their citizenships (and, for each of BCM's LLC members, a listing of its constituent member(s) and citizenship(s)):

   a.  Oak Beltway Mgt., LLC, whose sole member is James Davis, a natural person who is a citizen of Maryland;

   b.  BCP Management, LLC, whose sole member is Scott Gray, a natural person who is a citizen of Maryland;

   c.  Kismet Capital, LLC, whose sole member is Jed Schaefer, a natural person who is a citizen of Maryland;

   d.  Stephen Rieger, a natural person who is a citizen of Maryland;

   e.  Matthew Bramhall, a natural person who is a citizen of Maryland;

   f.  Robert Litter, a natural person who is a citizen of Maryland;

   g.  Brian Gray, a natural person who is a citizen of Pennsylvania;

      h.        M. Anderson, a natural person who is a citizen of Maryland;

      i.         Sean Schroeder, a natural person who is a citizen of Maryland;

      j.         Joseph Little, a natural person who is a citizen of Maryland;

      k.        Darren Sweeney, a natural person who is a citizen of Maryland;

Accordingly, complete diversity exists because (1) Plaintiff BCM is a citizen of Maryland and Pennsylvania; (2) Defendant Metro is a corporation that is a citizen of Louisiana, the state of its incorporation and where its principal place of business is located (*Hertz Corp. v. Friend*, 559 U.S. 77 (2010)); and (3) Defendants Jimmie and Glenn Woods is each a citizen of Louisiana.

### *Facts Common to All Counts*

7.       Defendants are jointly, severally and solidarily indebted unto McCormick.

8.       McCormick is the holder of that certain Promissory Note executed by Metro dated March 15, 2016, in the original principal amount of ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 ($1,500,000.00) DOLLARS (the "2016 0102 Contract") made payable to the order of JPMorgan Chase Bank, N.A. ("Chase"). A copy of the 2016 0102 Contract is attached hereto as Exhibit 1. All exhibits attached to this Complaint are incorporated herein by reference for all purposes under Fed. R. Civ. Proc. 10(c). All notes and other obligations described in this Complaint were executed in New Orleans, in this Judicial District, and call for performance within this district.

9.       The 2016 0102 Contract identified as Exhibit 1 has been transferred and assigned to McCormick by virtue of that certain Allonge to Promissory Note effective April 12, 2021, a copy of which is attached hereto as Exhibit 2.

10.     The 2016 0102 Contract identified as Exhibit 1 bears interest at the rate specified therein.

11. The 2016 0102 Contract provides that the indebtedness thereunder shall be repaid on a monthly basis commencing on April 15, 2016, with each subsequent payment to be made on the fifteenth (15th) day of each successive month in the amount of accrued unpaid interest as of each payment date, with one final payment of all outstanding amounts due under the 2016 0102 Contract to be made on March 15, 2017.

12. The 2016 0102 Contract was renewed and/or extended by virtue of that certain Line of Credit Note executed by Metro dated September 21, 2018, in the original principal amount of ONE MILLION FIFTY-TWO THOUSAND FIFTY AND 00/100 ($1,052,050.00) DOLLARS (the "0102 Contract") made payable to the order of JPMorgan Chase Bank, N.A. ("Chase"). A copy of the 0102 Contract is attached hereto as Exhibit 3.

13. The 0102 Contract identified as Exhibit 3 bears interest at the rate specified therein.

14. The 0102 Contract provides that all amounts due of the indebtedness thereunder shall be repaid on or before November 5, 2018.

15. The 0102 Contract shall be in default if its maker fails to make proper and timely payments when due.

16. In the event of a default, the holder may, at its option, formally declare the 0102 Contract to be in default and accelerate the indebtedness due thereunder.

17. Proper and timely payment has not been made under the terms of the 0102 Contract identified as Exhibit 3 and, as such, the 0102 Contract is in default and McCormick has exercised its option to formally declare said indebtedness to be in default and accelerate all sums due thereunder.

18. There exists a current principal balance due on the 0102 Contract of SEVEN HUNDRED SIXTY-ONE THOUSAND FORTY AND 09/100 ($761,040.09) DOLLARS plus unpaid accrued interest of THIRTEEN THOUSAND NINE HUNDRED FORTY-FIVE AND 40/100 ($13,945.40) DOLLARS and late fees of TWO THOUSAND AND 00/100 ($2,000.00) DOLLARS as of October 4, 2021, with interest accruing in the amount of ONE HUNDRED FORTY-SEVEN AND 33/100 ($147.33) DOLLARS *per diem*.

19. McCormick is the holder of that certain Promissory Note executed by Metro dated March 30, 2016, in the original principal amount of FIVE MILLION EIGHT HUNDRED FIFTY THOUSAND SIX HUNDRED FORTY-EIGHT AND 00/100 ($5,850,648.00) DOLLARS (the "0101 Contract") made payable to the order of JPMorgan Chase Bank, N.A. ("Chase"). A copy of the 0101 Contract is attached hereto as Exhibit 4.

20. The 0101 Contract identified as Exhibit 4 has been transferred and assigned to McCormick by virtue of that certain Allonge to Promissory Note effective April 12, 2021, a copy of which is attached hereto as Exhibit 5.

21. The 0101 Contract identified as Exhibit 4 bears interest at the rate specified therein.

22. The 0101 Contract provides that the indebtedness thereunder shall be repaid on a monthly basis commencing on May 1, 2016, with each subsequent payment to be made on the first (1st) day of each successive month for eighty-four (84) months, with each payment to be in the amount of SEVENTY-SEVEN THOUSAND EIGHT HUNDRED THIRTY-SEVEN AND 88/100 ($77,837.88) DOLLARS with one final payment of all outstanding amounts due under the 0101 Contract to be made on April 1, 2023.

23. The 0101 Contract shall be in default if its maker fails to make proper and timely payments when due.

24. In the event of a default, the holder may, at its option, formally declare the 0101 Contract to be in default and accelerate the indebtedness due thereunder.

25. Proper and timely payment has not been made under the terms of the 0101 Contract identified as Exhibit 4 and, as such, the 0101 Contract is in default and McCormick has exercised its option to formally declare said indebtedness to be in default and accelerate all sums due thereunder.

26. There exists a current principal balance due on the 0101 Contract of ONE MILLION NINE HUNDRED THIRTY-SIX THOUSAND TWO HUNDRED THIRTY-TWO AND 11/100 ($1,936,232.11) DOLLARS plus unpaid accrued interest of FIFTEEN THOUSAND NINE HUNDRED TWENTY-FIVE AND 51/100 ($15,925.51 ($15,925.51) DOLLARS and late fees of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 ($1,750.00) DOLLARS as of October 4, 2021, with interest accruing in the amount of ONE HUNDRED SIXTY-NINE AND 42/100 ($169.42) *per diem*.

27. In order to secure the prompt and timely repayment of all indebtedness under the 0101 Contract identified as Exhibit 4 and any and all other obligations due to the holder of the 0101 Contract, Co-Defendant Jimmie M. Woods did execute a Commercial Guaranty, a copy of which is attached hereto as Exhibit 6.

28. Pursuant to said Commercial Guaranty, Jimmie M. Woods did bind himself jointly, severally and solidarily with Metro for all sums due under the 0101 Contract identified as Exhibit 4 as well as any and all other obligations due to the holder of said 0101 Contract.

29. In order to further secure the prompt and timely repayment of the indebtedness under the Contracts identified above as Exhibits 1 and 4, Metro did execute a Commercial Security Agreement dated March 30, 2016, a copy of which is attached hereto as Exhibit 7, wherein it did grant, pledge and assign to the holder of the Contracts a security interest in certain of its assets.

30. As the 0101 Contract is in default, all security obligations are in default.

31. McCormick is the holder of that certain Line of Credit Note executed by Metro dated March 31, 2017, in the original principal amount of SIX MILLION EIGHT HUNDRED FIFTY THOUSAND AND 00/100 ($6,850,000.00) DOLLARS (the "0103 Contract") made payable to the order of JPMorgan Chase Bank, N.A. ("Chase"). A copy of the 0103 Contract is attached hereto as Exhibit 8.

32. The 0103 Contract identified as Exhibit 8 has been transferred and assigned to McCormick by virtue of that certain Allonge to Line of Credit Note effective April 12, 2021, a copy of which is attached hereto as Exhibit 9.

33. The 0103 Contract identified as Exhibit 8 bears interest at the rate specified therein.

34. The 0103 Contract provides that the indebtedness thereunder shall be repaid on a monthly basis commencing on July 1, 2017, with each subsequent payment to be made on the first (1st) day of each successive month in installments of principal and interest, each in such equal amount as is necessary to fully amortize the principal amount outstanding under the 0103 Contract by that date that is one hundred eighteen (118) months after the last date of the Draw Period being June 1, 2017, with one final payment of all outstanding amounts due under the 0103 Contract to be made on April 1, 2027.

35. The 0103 Contract shall be in default if its maker fails to make proper and timely payments when due.

36. In the event of a default, the holder may, at its option, formally declare the 0103 Contract to be in default and accelerate the indebtedness due thereunder.

37. Proper and timely payment has not been made under the terms of the 0103 Contract identified as Exhibit 8 and, as such, the 0103 Contract is in default and McCormick has exercised its option to formally declare said indebtedness to be in default and accelerate all sums due thereunder.

38. There exists a current principal balance due on the 0103 Contract of FOUR MILLION SEVEN HUNDRED EIGHTY-FIVE THOUSAND FIFTY-ONE AND 15/100 ($4,785,051.15) DOLLARS plus unpaid accrued interest of FIFTY-SEVEN THOUSAND EIGHT HUNDRED FORTY-EIGHT AND 61/100 ($57,848.61) DOLLARS and late fees of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 ($1,750.00) DOLLARS as of October 4, 2021, with interest accruing in the amount of SIX HUNDRED FIFTEEN AND 41/100 ($615.41) DOLLARS *per diem*.

39. In order to secure the prompt and timely repayment of all indebtedness under the 0103 Contract identified as Exhibit 8 and any and all other obligations due to the holder of the 0103 Contract, Co-Defendant Jimmie M. Woods did execute a Continuing Guaranty, a copy of which is attached hereto as Exhibit 10.

40. Pursuant to said Continuing Guaranty, Jimmie M. Woods did bind himself jointly, severally and solidarily with Metro for all sums due under the 0103 Contract identified as Exhibit 8 as well as any and all other obligations due to the holder of said 0103 Contract.

41. In order to secure the prompt and timely repayment of all indebtedness under the 0103 Contract identified as Exhibit 8 and any and all other obligations due to the holder of the 0103 Contract, Co-Defendant Glenn H. Woods did execute a Continuing Guaranty, a copy of which is attached hereto as Exhibit 11.

42. Pursuant to said Continuing Guaranty, Glenn H. Woods did bind himself jointly, severally and solidarily with Metro for all sums due under the 0103 Contract identified as Exhibit 8 as well as any and all other obligations due to the holder of said 0103 Contract.

43. In order to further secure the prompt and timely repayment of the indebtedness under the Contracts identified herein, Metro did execute a Continuing Security Agreement dated March 31, 2017, a copy of which is attached hereto as Exhibit 12, wherein it did grant, pledge and assign to the holder of the Contracts a security interest in certain of its assets.

44. As the 0103 Contract is in default, all security obligations are in default.

45. McCormick is the holder of that certain Line of Credit Note executed by Metro dated March 31, 2017, in the original principal amount of THREE MILLION NINE HUNDRED THOUSAND AND 00/100 ($3,900,000.00) DOLLARS (the "0104 Contract") made payable to the order of JPMorgan Chase Bank, N.A. ("Chase"). A copy of the 0104 Contract is attached hereto as Exhibit 13.

46. The 0104 Contract identified as Exhibit 13 has been transferred and assigned to McCormick by virtue of that certain Allonge to Line of Credit Note effective April 12, 2021, a copy of which is attached hereto as Exhibit 14.

47. The 0104 Contract identified as Exhibit 13 bears interest at the rate specified therein.

48. The 0104 Contract provides that the indebtedness thereunder shall be repaid on a monthly basis commencing on July 1, 2017, with each subsequent payment to be made on the first (1st) day of each successive month in installments of principal and interest, each in such equal amount as is necessary to fully amortize the principal amount outstanding under the 0104 Contract by that date that is one hundred eighteen (118) months after the last date of the Draw Period being June 1, 2017, with one final payment of all outstanding amounts due under the 0104 Contract to be made on April 1, 2027.

49. The 0104 Contract shall be in default if its maker fails to make proper and timely payments when due.

50. In the event of a default, the holder may, at its option, formally declare the 0104 Contract to be in default and accelerate the indebtedness due thereunder.

51. Proper and timely payment has not been made under the terms of the 0104 Contract identified as Exhibit 13 and, as such, the 0104 Contract is in default and McCormick has exercised its option to formally declare said indebtedness to be in default and accelerate all sums due thereunder.

52. There exists a current principal balance due on the 0104 Contract of TWO MILLION SIX HUNDRED NINETY-TWO THOUSAND SEVEN HUNDRED THIRTY-FIVE AND 63/100 ($2,692,735.63) DOLLARS plus unpaid accrued interest of THIRTY-TWO THOUSAND NINE HUNDRED SEVENTY-FIVE AND 54/100 ($32,975.54) DOLLARS and late fees of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 ($1,750.00) DOLLARS as of October 4, 2021, with interest accruing in the amount of THREE HUNDRED FIFTY AND 80/100 ($350.80) DOLLARS *per diem*.

53. In order to further secure the prompt and timely repayment of the indebtedness under the Contracts identified herein, Metro did execute a Commercial Security Agreement dated March 31, 2017, a copy of which is attached hereto as Exhibit 15, wherein it did grant, pledge and assign to the holder of the Contracts a security interest in all of its inventory, chattel paper, accounts, equipment and general intangibles.

54. As the 0104 Contract is in default, all security obligations are in default.

55. The collateralization set forth in the Commercial Security Agreements and Continuing Security Agreements attached hereto was memorialized by the filing of those certain UCC-1 Financing Statements set forth below:

    a) File No. 26-293266 filed August 31, 2006, amended by virtue of File No. 26-293933 filed October 24, 2006, continued by virtue of File No. 26-317641 filed March 16, 2011 and File No. 26-352997 filed March 29, 2016, further amended by File No. 26-353033 filed March 29, 2016, and assigned to McCormick by File No. 26-403420 filed May 5, 2021;

    b) File No. 26-293267 filed August 31, 2006, continued by virtue of File No. 26-317694 filed March 21, 2011 and File No. 26-352998 filed March 29, 2016 and amended by File No. 26-353034 filed March 29, 2016, and assigned to McCormick by File No. 26-403419 filed May 5, 2021;

    c) File No. 26-293268 filed August 31, 2006, continued by virtue of File No. 26-217696 filed March 21, 2011 and File No. 26-353001 filed March 29, 2016, and amended by File No. 26-353035 filed March 29, 2016, and assigned to McCormick by File No. 26-403418 filed May 5, 2021;

    d)    File No. 09-1168982 filed December 2, 2011, assigned to McCormick by File No. 09-1460701 filed May 5, 2021, and continued by virtue of File No. 09-1465508 filed June 22, 201;

    e)    File No. 09-1292135 filed March 23, 2016, continued by virtue of File No. 09-1441502 filed October 9, 2020, and assigned to McCormick by File No. 09-1460702 filed May 5, 2021;

    f)    File No. 09-1326702 filed April 10, 2017, and assigned to McCormick by File No. 09-1460707 filed May 5, 2021;

    g)    File No. 09-1327183 filed April 13, 2017, and assigned to McCormick by File No. File No. 09-1460708 filed May 5, 2021;

56.    The obligations referenced above are all in full force and effect having not been cancelled, extinguished or novated.  Further, McCormick is the holder of the obligations sued upon and the exclusive party with the right to enforce said obligations.

57.    As of the date of filing of this Complaint, the above-reference defaults have not been cured.

### Count One – Breach of Contract

58.    BCM incorporates and re-alleges all factual allegations contained in paragraphs 1-61 above.

59.    BCM avers that the above facts demonstrate that Defendants have breached the terms of the obligations described herein. Defendants are therefore liable to McCormick in the full amount owed, including interest, costs, fees, and all other charges authorized by the governing documents.

**WHEREFORE**, after due proceedings be had, Beltway Capital Management, LLC prays that there be judgment rendered in favor of it and McCormick and against Defendants, Metro Service Group, Inc., Jimmie M. Woods and Glenn H. Woods, jointly, severally and solidarily for the current principal balance due of SEVEN HUNDRED SIXTY-ONE THOUSAND FORTY AND 09/100 ($761,040.09) DOLLARS plus unpaid accrued interest of THIRTEEN THOUSAND NINE HUNDRED FORTY-FIVE AND 40/100 ($13,945.40) DOLLARS and late fees of TWO THOUSAND AND 00/100 ($2,000.00) DOLLARS as of October 4, 2021, with interest accruing in the amount of ONE HUNDRED FORTY-SEVEN AND 33/100 ($147.33) DOLLARS *per diem*.

BCM further prays that there be judgment rendered in its favor and in favor of McCormick against defendants, Metro Service Group, Inc., Jimmie M. Woods and Glenn H. Woods, jointly, severally and solidarily for the current principal balance due of ONE MILLION NINE HUNDRED THIRTY-SIX THOUSAND TWO HUNDRED THIRTY-TWO AND 11/100 ($1,936,232.11) DOLLARS plus unpaid accrued interest of FIFTEEN THOUSAND NINE HUNDRED TWENTY-FIVE AND 51/100 ($15,925.51 ($15,925.51) DOLLARS and late fees of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 ($1,750.00) DOLLARS as of October 4, 2021, with interest accruing in the amount of ONE HUNDRED SIXTY-NINE AND 42/100 ($169.42) *per diem*.

BCM further prays that there be judgment rendered in its favor and in favor of McCormick against defendants, Metro Service Group, Inc., Jimmie M. Woods and Glenn H. Woods, jointly, severally and solidarily for the current principal balance due of FOUR MILLION SEVEN HUNDRED EIGHTY-FIVE THOUSAND FIFTY-ONE AND 15/100 ($4,785,051.15) DOLLARS  plus unpaid accrued interest of FIFTY-SEVEN THOUSAND

EIGHT HUNDRED FORTY-EIGHT AND 61/100 ($57,848.61) DOLLARS and late fees of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 ($1,750.00) DOLLARS as of October 4, 2021, with interest accruing in the amount of SIX HUNDRED FIFTEEN AND 41/100 ($615.41) DOLLARS *per diem*.

BCM further prays that there be judgment rendered in its favor and in favor of McCormick against defendants, Metro Service Group, Inc., Jimmie M. Woods and Glenn H. Woods, jointly, severally and solidarily for the current principal balance due of TWO MILLION SIX HUNDRED NINETY-TWO THOUSAND SEVEN HUNDRED THIRTY-FIVE AND 63/100 ($2,692,735.63) DOLLARS plus unpaid accrued interest of THIRTY-TWO THOUSAND NINE HUNDRED SEVENTY-FIVE AND 54/100 ($32,975.54) DOLLARS and late fees of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 ($1,750.00) DOLLARS as of October 4, 2021, with interest accruing in the amount of THREE HUNDRED FIFTY AND 80/100 ($350.80) DOLLARS *per diem* plus reasonable attorneys' fees and all costs of this matter.

BCM further prays for judicial recognition of the above-referenced collateral securing the above indebtedness of Metro Service Group, Inc., Jimmie M. Woods and Glenn H. Woods to McCormick, specifically the pledge of a security interest in all of the inventory, chattel paper, accounts, equipment, and general intangibles of Metro Service Group, Inc.

Respectfully submitted,

**TAGGART MORTON, L.L.C.**

*s/ Barry Grodsky*

_____
BARRY H. GRODSKY, Bar Roll No. 1388
1100 Poydras Street, Suite 2100
New Orleans, Louisiana 70163-2100
Telephone: (504) 599-8500
Telecopier: (504) 599-8501
bgrodsky@taggartmorton.com

Attorneys for McCormick 101, LLC.